FILED by GM D.C.
ELECTRONIC
September 28, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **09-CIV-22904-COOKE/BANDSTRA**

THE VILLAS AT UNIVERSITY SQUARE CONDOMINIUM ASSOCIATION, INC., a Florida corporation,

        Plaintiff,

v.

LEXINGTON INSURANCE COMPANY, a foreign corporation authorized and doing business in Florida,

        Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Lexington Insurance Company ("Lexington"), files this Notice of Removal of this action, currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case Number 09-62578 CACE 04, to the United States District Court of the Southern District of Florida on the grounds of diversity of citizenship, 28 U.S.C. § 1332(a), as set forth in detail below:

    1.    On August 27, 2009, Plaintiff, The Villas at University Square, Inc. ("Villas" or "Plaintiff"), filed a Summons and Petition in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida styled <u>The Villas at University Square Condominium Association, Inc. v. Lexington Insurance Company.</u> The Villas Complaint was assigned Case Number 09-62578 CA 04. On September 8, 2009, Villas filed its First Amended Petition. (A copy of Villas Petition and First Amended Petition is attached as Exhibit "1" to this Notice and are collectively hereafter

called the "Villas Complaint"). The Villas Complaint has not been served. However, Lexington's undersigned counsel has agreed to accept service. This Notice of Removal is timely filed within thirty days of when Lexington's counsel received a letter on September 24, 2009 from Villas' counsel confirming that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. (See Exhibit 2)

2. The United States District Court for the Southern District of Florida is the district in which the state court action was filed. Removal to this Court is proper under 28 U.S.C. §§ 1332, 1441 and 1446 because, as shown below, this Court has "diversity" jurisdiction.

3. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4. The Villas Complaint seeks declaratory relief; a judgment compelling appraisal, and attorneys' fees. Villas alleges that Lexington breached an insurance contract by failing to participate in appraisal and by failing to pay the full amount of Plaintiff's alleged property damage loss (Amended Petition, Paragraph 2).

5. At all relevant times, Villas was a Florida corporation with its principal place of business in Florida (Complaint, Paragraph 1).

6. At the time this action was filed, at the time of this Notice of Removal and at all relevant times, Lexington was, and currently is, a Delaware corporation with its principal place of business in Boston, Massachusetts.

7. For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State in which it has its principal place of business." 28 U.S.C. § 1332(c)(1). Because Plaintiff is a Florida corporation

2

with its principal place of business in Florida and Lexington is a corporation of Delaware, with its principal place of business in Massachusetts, complete diversity exists between Plaintiff and the Defendant.

8.   The amount in controversy in this civil action exceeds $75,000.00, exclusive of interest or costs. The Villas Complaint alleges that it seeks damages in excess of $15,000.00, plus interest, costs and attorneys' fees. (Amended Petition, Count III) However, the amount in controversy exceeds $75,000.00. Plaintiff alleges that Lexington breached an insurance contract by failing to participate in appraisal and by failing to fully compensate Plaintiff for all losses sustained as a result of a hurricane. Moreover, Plaintiff's counsel has confirmed in writing to Lexington's counsel that the amount in controversy in this action exceeds $75,000.00 exclusive of interest, costs and attorneys' fees. (See letter attached as Exhibit 2, signed by Plaintiff's counsel and received by Lexington's undersigned counsel on September 24, 2009, within 30 days of this Notice of Removal.)

9.   Removal is appropriate in this case under 28 U.S.C. § 1332, because complete diversity of citizenship exists between the parties and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.   Lexington is filing a copy of this notice with the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, as required by 28 U.S.C. § 1446(d).

11.   In removing this action, Lexington does not intend to waive any rights or defenses to which it is otherwise entitled, including but not limited to those set forth in Federal Rules of Civil Procedure 12(b) and 13. Lexington will respond to the Complaint within five days of the day this matter is docketed in this Court.

Carlton Fields, P.A.
4000 International Place - 100 Southeast Second Street - Miami - Florida 33131-2114 - 305.530.0050
15673733.1

12. Based on the foregoing, Lexington has met its burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) and that this action is one which may be removed to this Court pursuant to 28 U.S.C. § 1441, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

WHEREFORE, Defendant, Lexington, respectfully requests that this action, currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, be removed to the United States District Court for the Southern District of Florida.

Respectfully submitted,

CARLTON FIELDS, P.A
Attorneys for Defendant
*Lexington Insurance Company*
Bank of America Tower, Suite 4000
100 Southeast Second Street
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

By: /s/ Jeffrey Michael Cohen
JEFFREY MICHAEL COHEN
Florida Bar No. 091495
jmcohen@carltonfields.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-mailed (without attachments) and mailed this 28 day of September, 2009 to:

Kenneth R. Duboff
*Attorneys for Plaintiff*
12430 West Dixie Highway
Miami, FL 33161

/s/ Jeffrey Michael Cohen
JEFFREY MICHAEL COHEN
Florida Bar No. 091495
jmcohen@carltonfields.com

# Exhibit 1

IN THE CIRCUIT COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

THE VILLAS AT UNIVERSITY SQUARE CONDOMINIUM ASSOCIATION, INC., a Florida corporation

        Petitioner,

vs.

LEXINGTON INSURANCE COMPANY,

        Respondent.

CASE NO. 09-62578 CA 04

# SUMMONS

THE STATE OF FLORIDA

To Each Sheriff of the State:

You ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Respondent:

by serving:   **LEXINGTON INSURANCE COMPANY**
at:   Florida Chief Financial Officer as RA
   Service of Process Section
   PO Box 6200
   Tallahassee, Florida 32314-6200

Each Respondent is required to serve written defenses to the complaint or petition on Plaintiff's Attorney whose name and address is:
        **Kenneth R. Duboff, Esq.**
        **12430 West Dixie Highway**
        **North Miami, Florida 33161**
within 20 days after service of this summons on that Respondent, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter If a Respondent fails to do so, a default will be entered against that Respondent for the relief demanded in the petition of petition.

    Dated:_____

                CLERK OF COURTS
                CRAIG RIEGELHAUPT
                BY: _____
                      **DEPUTY CLERK**

**COURT SEAL**

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 09 -62578 CA 04

THE VILLAS AT UNIVERSITY SQUARE
CONDOMINIUM ASSOCIATION, INC., a
Florida corporation,

                        Petitioner,

vs.

LEXINGTON INSURANCE COMPANY, a
foreign corporation

                        Respondent

## PETITION TO COMPEL APPRAISAL
## AND/OR FOR DECLARATORY RELIEF
*Florida Bar #218261*

    COME NOW Petitioner, by and through the undersigned attorneys, and hereby sues Respondent and alleges:

### GENERAL ALLEGATIONS AS TO ALL COUNTS

    1    This is an action to compel appraisal of losses under property insurance policy with a value in excess of $15,000.00 and/or for a declaratory decree concerning the rights of Petitioner under the terms of an insurance policy

    2.    At all times material hereto, Petitioner was and is a Florida corporation with its principal place of business located in Miami-Dade County, Florida.

    3    At all times material hereto, Respondent was and is an insurance corporation doing insurance business in Florida.

    4    At all times material hereto, in consideration of a premium paid by Petitioner, there was in full force and effect a certain insurance policy, being Policy number 7522778 (hereafter called the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "A"

    5    The Petitioner, described in the policy as "Villas at University Square," was and is the named insured under the policy

LAW OFFICE OF KENNETH R. DUBOFF, P.A.

6. Under the terms of the policy, Respondent insured Petitioner against certain losses to Petitioner's property located at and about 1923 SW 107 Avenue, Miami, Florida 33165 (hereafter called the "property")

7 Under the terms of the policy, if the parties fail to agree on the amount of a loss, either party may demand an appraisal process to determine the amount of the loss (hereafter called the "appraisal process").

8. The provision for the "appraisal process" of the policy contained on page 6 of 12 under section E. LOSS CONDITION, states:

> "2. **Appraisal**.
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for appraisal of the loss. In this event, each party will select a competent and impartial appraiser The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two by and two will be binding. Each party will
>
> (a) Pay its own appraiser;
>
> (b) Bear the other expenses of the appraisal and umpire equally
>
> If there is an appraisal, we will still retain our right deny the claim "

9 On or about 10-24-2005, while the Policy was in full force and effect, Petitioner suffered a covered loss; to wit a hurricane causing damage to the property (hereafter the "loss").

10. Respondent assigned claim number 030-210507 to the loss.

11 Respondent investigated the loss and acknowledged insurance coverage for the loss in an amount unilaterally determined by the Respondent to be the total amount of the loss.

12 Petitioner notified Respondent, in writing, that Petitioner was in disagreement with Respondent's evaluation of the loss and advised Respondent, in writing, that Petitioner was

LAW OFFICE OF KENNETH R. DUBOFF, P.A.

invoking the appraisal clause of the Policy to determine the full amount of the loss, and named Petitioner's appraiser

13. Respondent has refused and/or failed to select an appraiser and proceed with the appraisal process.

14. Petitioner has performed all conditions precedent for the filing of this action or any and all conditions precedent have been otherwise met or waived.

15. Petitioner has been obligated to engage the undersigned attorneys for the prosecution of this action and are entitled to a reasonable attorneys fee thereby pursuant to Fla. Stat. §627.428 and/or §626.9373

## COUNT I

### PETITION TO COMPEL APPRAISAL

16. Respondent's obligation to participate in the appraisal process is governed by the decision of the Supreme Court of Florida in *Johnson v. Nationwide* 828 So.2d 1021 (Fla. 2002), which held that once an insurer admits that some part of an insured's loss is covered under the policy, either the insurer or the insured can compel the other to have the amount of the loss determined by appraisal.

WHEREFORE, Petitioner requests this Honorable Court as follows:

    a. to compel Respondent to select an appraiser and participate in the appraisal process;

    b. to select a neutral and competent umpire for the appraisal process

    c. to award Petitioner reasonable attorney's fees pursuant to Fla. Stat. §627.428 and/or §626.9373,

    d. to award Petitioner court costs

## COUNT II

### PETITION FOR DECLARATORY RELIEF

17. As aforedescribed, the policy states that even after Respondent participates in the appraisal process, " we [Respondent} still retain our right to deny the claim "

18. Nevertheless, Respondent believes that it has no obligation to participate in the appraisal process.

19. Petitioner believes that Respondent's obligation to participate in the appraisal process is governed by the terms of the appraisal provision and the decision of the Supreme Court of Florida

LAW OFFICE OF KENNETH R. DUBOFF, P.A.

in *Johnson v. Nationwide* 828 So.2d 1021 (Fla. 2002), which held that once an insurer admits that some part of an insured's loss is covered under the policy, either the insurer or the insured can compel the other to have the amount of the loss determined by appraisal

20. However, Petitioner is in doubt or are uncertain as to the existence or non-existence of Petitioner's rights to compel an appraisal and has an actual, practical and present need for a declaration by the court.

21. As a direct and proximate result of the foregoing conflicting positions of the parties, there is an actual bona-fide controversy between the parties which requires judicial interpretation as to whether Respondent must submit to the appraisal process, and therefore, Petitioner seeks a declaration as to Petitioners' rights relative to the appraisal process.

22. In essence, the purpose of this declaratory decree action is to obtain a judicial interpretation of the policy, as it relates to the facts involved herein, that determines the rights of Petitioner to have an appraisal determine the amount of loss.

WHEREFORE, Petitioner requests this Honorable Court for a declaratory judgment as follows:

    a. to declare to declare Respondent is obligated to participate in the appraisal process

    b. to award Petitioner reasonable attorney's fees pursuant to Fla. Stat. §627.428 and/or §626.9373,

    c. to award Petitioner court costs

LAW OFFICE OF KENNETH R. DUBOFF, P.A.
ATTORNEY FOR PETITIONER
12430 WEST DIXIE HIGHWAY
NORTH MIAMI, FLORIDA 33161
TELEPHONE    (305) 899-0085
FAX NO.    (305) 899-0091

BY: _____
    KENNETH R. DUBOFF

LAW OFFICE OF KENNETH R. DUBOFF, P.A.

|  |  |
|---|---|
| THE VILLAS AT UNIVERSITY SQUARE CONDOMINIUM ASSOCIATION, INC., a Florida corporation, | IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA<br><br>CASE NO. 09-62578 CA04 |
| Petitioner,<br>vs.<br>LEXINGTON INSURANCE COMPANY, a foreign corporation<br>Respondent | THE ORIGINAL FILED ON:<br><br>SEP 08 2009<br><br>IN THE OFFICE OF CIRCUIT COURT DADE CO. FL |

## FIRST AMENDED PETITION
*Florida Bar #218261*

COME NOW Petitioner, by and through the undersigned attorneys, and hereby sues Respondent and alleges:

### GENERAL ALLEGATIONS AS TO ALL COUNTS

1. This is an action to compel appraisal of losses under property insurance policy with a value in excess of $15,000.00 and/or for a declaratory decree concerning the rights of Petitioner under the terms of an insurance policy and/or for damages in excess of the sum of $15,000.00.

2. At all times material hereto, Petitioner was and is a Florida corporation with its principal place of business located in Miami-Dade County, Florida.

3. At all times material hereto, Respondent was and is an insurance corporation doing insurance business in Florida.

4. At all times material hereto, in consideration of a premium paid by Petitioner, there was in full force and effect a certain insurance policy, being Policy number 7522778 (hereafter called the "Policy"). A true and correct copy of the Policy is attached to the initial Petition as Exhibit "A," and is incorporated herein by reference.

5. The Petitioner, described in the policy as "Villas at University Square," was and is the named insured under the policy.

6.  Under the terms of the policy, Respondent insured Petitioner against certain losses to Petitioner's property located at and about 1923 SW 107 Avenue, Miami, Florida 33165 (hereafter called the "property")

7.  Under the terms of the policy, if the parties fail to agree on the amount of a loss, either party may demand an appraisal process to determine the amount of the loss (hereafter called the "appraisal process").

8.  The provision for the "appraisal process" of the policy contained on page 6 of 12 under section E. LOSS CONDITION, states:

> "2. **Appraisal.**
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for appraisal of the loss. In this event, each party will select a competent and impartial appraiser The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two by and two will be binding. Each party will:
>
> (a) Pay its own appraiser;
>
> (b) Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right deny the claim "

9   On or about 10-24-2005, while the Policy was in full force and effect, Petitioner suffered a covered loss; to wit: a hurricane causing damage to the property (hereafter the "loss").

10. Respondent assigned claim number 030-210507 to the loss.

11. Respondent investigated the loss and acknowledged insurance coverage for the loss in an amount unilaterally determined by the Respondent to be the total amount of the loss.

12. Petitioner notified Respondent, in writing, that Petitioner was in disagreement with Respondent's evaluation of the loss and advised Respondent, in writing, that Petitioner was

invoking the appraisal clause of the Policy to determine the full amount of the loss, and named Petitioner's appraiser.

13. Respondent has refused and/or failed to select an appraiser and proceed with the appraisal process.

14. Petitioner has performed all conditions precedent for the filing of this action or any and all conditions precedent have been otherwise met or waived.

15. Petitioner has been obligated to engage the undersigned attorneys for the prosecution of this action and are entitled to a reasonable attorneys fee thereby pursuant to Fla. Stat. §627.428 and/or §626.9373.

## COUNT I

### PETITION TO COMPEL APPRAISAL

16. Respondent's obligation to participate in the appraisal process is governed by the decision of the Supreme Court of Florida in *Johnson v. Nationwide* 828 So.2d 1021 (Fla. 2002), which held that once an insurer admits that some part of an insured's loss is covered under the policy, either the insurer or the insured can compel the other to have the amount of the loss determined by appraisal.

WHEREFORE, Petitioner requests this Honorable Court as follows:

    a. to compel Respondent to select an appraiser and participate in the appraisal process;

    b. to select a neutral and competent umpire for the appraisal process

    c. to award Petitioner reasonable attorney's fees pursuant to Fla. Stat. §627.428 and/or §626.9373;

    d. to award Petitioner court costs

## COUNT II

### PETITION FOR DECLARATORY RELIEF

17. As aforedescribed, the policy states that even after Respondent participates in the appraisal process, "... we [Respondent} still retain our right to deny the claim."

18. Nevertheless, Respondent believes that it has no obligation to participate in the appraisal process.

19. Petitioner believes that Respondent's obligation to participate in the appraisal process is governed by the terms of the appraisal provision and the decision of the Supreme Court of Florida

LAW OFFICE OF KENNETH R. DUBOFF, P.A.

in *Johnson v. Nationwide* 828 So.2d 1021 (Fla. 2002), which held that once an insurer admits that some part of an insured's loss is covered under the policy, either the insurer or the insured can compel the other to have the amount of the loss determined by appraisal

20. However, Petitioner is in doubt or are uncertain as to the existence or non-existence of Petitioner's rights to compel an appraisal and has an actual, practical and present need for a declaration by the court.

21. As a direct and proximate result of the foregoing conflicting positions of the parties, there is an actual bona-fide controversy between the parties which requires judicial interpretation as to whether Respondent must submit to the appraisal process, and therefore, Petitioner seeks a declaration as to Petitioners' rights relative to the appraisal process.

22. In essence, the purpose of this declaratory decree action is to obtain a judicial interpretation of the policy, as it relates to the facts involved herein, that determines the rights of Petitioner to have an appraisal determine the amount of loss.

WHEREFORE, Petitioner requests this Honorable Court for a declaratory judgment as follows:

    a. to declare to declare Respondent is obligated to participate in the appraisal process

    b. to award Petitioner reasonable attorney's fees pursuant to Fla. Stat. §627.428 and/or §626.9373;

    c. to award Petitioner court costs

## COUNT III

### CLAIM FOR BREACH OF CONTRACT

23. Under the terms of the Policy, Defendant is liable to Plaintiff for the total amount (within the policy limits) of the loss, less any applicable deductible.

24. Defendant has breached the insurance policy contract by refusing and/or failing to proceed with the appraisal process and/or by failing to pay the full amount of insurance benefits due Plaintiff as a result of the loss and/or by denying any further coverage for the subject loss.

25. As a direct and proximate result of Defendant's aforedescribed breach of the insurance policy contract, Plaintiff has sustained damages for which Plaintiff is entitled to be indemnified against under the Policy and which were payable to or on behalf of Plaintiff in connection with the loss to Plaintiff's property.

LAW OFFICE OF KENNETH R. DUBOFF, P.A.

WHEREFORE, Petitioner sues Respondent for damages in excess of $15,000.00 together with prejudgment interest pursuant to §627.70131(5)(a) Fla. Stat., court costs and reasonable attorneys fees pursuant to Fla. Stat. §627.428 and/or §626.9373.

Submitted this 8th day of September, 2009

LAW OFFICE OF KENNETH R. DUBOFF, P.A.
ATTORNEY FOR PETITIONER
12430 WEST DIXIE HIGHWAY
NORTH MIAMI, FLORIDA 33161
TELEPHONE   (305) 899-0085
FAX NO.     (305) 899-0091

BY: _____
KENNETH R. DUBOFF

# Exhibit 2

# CARLTON FIELDS
### ATTORNEYS AT LAW

ATLANTA
MIAMI
ORLANDO
ST. PETERSBURG
TALLAHASSEE
TAMPA
WEST PALM BEACH

4000 International Place
100 S.E. Second Street
Miami, Florida 33131-2114

305.530.0050
305.530.0055 fax
www.carltonfields.com

Jeffrey Michael Cohen
Direct Dial (305) 539-7304
Email: jmcohen@carltonfields.com

September 10, 2009

<u>Via E-Mail Only</u>

Kenneth R Duboff
12430 W Dixie Highway
North Miami, FL 33161

| | | |
|---|---|---|
| Re | Your Client | Villas at University Square Condominium Association, Inc ("Villas") |
| | Our Client | Lexington Insurance Company ("Lexington") |
| | Lexington Claim No.: | 030-210507 (the "Claim") |
| | Lexington Policy No.: | 7522778 (the "Policy") |
| | Subject Premises | Condominium apartment building (the "Property") |
| | Date of Alleged Loss: | October 24, 2005 |

Dear Mr Duboff

Thank you for your September 9, 2009 letter   I write to confirm our agreement that the value of the rights asserted by the Plaintiff, Villas at University Square Condominium Association, Inc , exceeds the sum or value of $75,000, exclusive of interest, attorneys' fees and costs and that the matter in controversy is between citizens of different states

Upon receipt of the signed copy of this letter, I will have evidence of federal jurisdiction pursuant to 28 USC § 1332 and I will promptly remove the action from state to federal court

I will file a response to the Amended Complaint within seven days of removal

Your cooperation is appreciated

Cordially,

Jeffrey Michael Cohen

*See attached 9/24/09*

JMC/lfa

15657805.1

Kenneth R Duboff
September 10, 2009
Page 2

## ACKNOWLEDGEMENT

Villas at University Square Condominium Association, Inc , Plaintiff in Miami-Dade County Circuit Court Case No 09-62578 CA 04, acknowledges that the amount in controversy in this action exceeds the sum of $75,000, exclusive of interest, costs and attorneys' fees and that the parties in this action are citizens are different states

Dated 9/24/09

Law Office of Kenneth R Duboff, P A.
Counsel for Villas at University Square
Condominium Association, Inc

By: _____
KENNETH R DUBOFF
Florida Bar No 218261
email@dubofflawfirm.com

15657805.1

FILED by 19 GM D.C.
ELECTRONIC
September 28, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed C**

## I. (a) PLAINTIFFS
THE VILLAS AT UNIVERSITY SQUARE CONDOMINIUM ASSOCIATION, INC., a Florida corporation

(b) County of Residence of First Listed Plaintiff: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kenneth R. Duboff
Law Office of Kenneth R. Duboff, P.A.
12430 W. Dixie Highway
North Miami, FL 33161

## DEFENDANTS
LEXINGTON INSURANCE COMPANY, a foreign corporation authorized and doing business in Florida

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)
Steven J. Brodie and Jeffrey Michael Cohen
Carlton Fields, P.A.

(d) Check County Where Action Arose: ☑ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

09CV22904-COOKE/BANDSTRA

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☑ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding ☑ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): CASE REMOVED UNDER 28 USC §1332 BECAUSE OF DIVERSITY. PLAINTIFF CONDOMINIUM ASSOCIATION SEEKS DAMAGES AGAINST DEFENDANT INSURER AND ALSO SEEKS TO COMPEL TRIAL.
LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE September 28, 2009

FOR OFFICE USE ONLY
AMOUNT 350.00    RECEIPT # 1009093    IFP

9/28/09